IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CV-10-192-E-BLW |
| Plaintiff-Respondent, | ) | CR-08-160-E-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| RIGOBERTO ARREDONDO-MEZA, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| _____ | ) | |

Pending before the Court is Rigoberto Arredondo-Meza's ("Arredondo") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-10-192-E-BLW and Docket No. 29 in CR-08-160-E-BLW ). Having reviewed the Motion and Arredondo's Response to Order to Show Cause

**Memorandum Decision and Order - 1**

(Docket No. 4),[1] the Court enters the following Order summarily dismissing the § 2255 Motion without requiring a response from the Government.

## BACKGROUND

Arredondo was charged with three counts of possession with intent to deliver methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B) and one count of illegal entry in violation of 8 U.S.C. § 1325(a)(1) and (b)(1). *Indictment* (Docket No. 14). He subsequently pled guilty before this Court to one of the possession counts in exchange for the dismissal of the remaining counts of the Indictment. *Plea Agreement* (Docket No. 18); *Minutes* (Docket No. 20). Following an evidentiary hearing on January 30, 2009, the Court determined that Arredondo was not entitled to safety valve relief from the five-year statutory minimum and sentenced him to a term of imprisonment of sixty months. *See Judgment* (Docket No. 27).

Arredondo did not appeal his sentence or conviction. He filed the pending § 2255 Motion on April 12, 2010, alleging involuntary plea, breach of Plea Agreement, failure of the Indictment and the Plea Agreement to specify a drug quantity, and ineffective assistance of counsel for failure to properly advise him

---

[1] Unless otherwise noted, all further docket references shall be to the underlying criminal case, CR-08-160-E-BLW.

**Memorandum Decision and Order - 2**

during the plea stage of the proceeding and for failure to file a notice of appeal.

As the Court explained in its Order to Show Cause (Docket No. 3 in civil case), Arredondo's conviction became final on February 9, 2009, and the deadline for filing a § 2255 motion became February 9, 2010.[2]  *See* 28 U.S.C. § 2255(f)(1). Because Arredondo did not file his § 2255 Motion until April 12, 2010, more than two months after the deadline had passed, the Court directed Arredondo to show cause why his § 2255 Motion should not be dismissed as untimely.

## STANDARD OF LAW

If a § 2255 motion is not timely filed under any of the subsections of § 2255(f), a prisoner may nevertheless be entitled to equitable tolling.

---

[2]  The limitation period for filing a § 2255 motion runs from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**Memorandum Decision and Order - 3**

Equitable tolling is warranted in very limited circumstances.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *See also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (noting "[w]e have made clear . . . that equitable tolling is 'unavailable in most cases'" and that "the required threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted)).  It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

To be entitled to equitable tolling, a prisoner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" preventing timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The Ninth Circuit has determined that *Pace*'s "formulation is consistent with our sparing application of the doctrine of equitable tolling."  *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).   The requirement of extraordinary circumstances "necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"  *Id*. (citation

**Memorandum Decision and Order - 4**

omitted) (alteration in original) .

## DISCUSSION

Arredondo has not alleged any grounds supportive of the statutory tolling grounds set forth in § 2255(f)(2)-(4).  He primarily relies upon the ineffective assistance of counsel claims he asserts as part of his § 2255 Motion, as an excuse for his late filing.  To address those issues would necessarily defeat the purpose of the statute of limitations.  Arredondo may also be contending that counsel failed to advise him how to proceed.  However, a prisoner is not entitled to counsel to pursue a § 2255 motion.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The right to counsel "extends to the first appeal of right, and no further."  *Id.*

The only "external" circumstance Arredondo alleges to excuse his late filing is that he was not aware of the statute of limitations.  However, "equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).  Standing alone, lack of awareness of the statute of limitations does not constitute extraordinary circumstances.  *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (remanding for evidentiary hearing where prisoner alleged that prison's inadequate law library prevented him from knowing the statute of limitations).

**Memorandum Decision and Order - 5**

Several courts have held that a pro se prisoner's ignorance of the law and lack of legal experience do not constitute grounds for equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (prisoner's inability to calculate the limitations period is not an extraordinary circumstance). *See also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of procedures); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of law); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999) (unfamiliarity with legal process); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (lack of knowledge of statute of limitations).

The Court finds that Arredondo has not alleged extraordinary circumstances to excuse his late filing. Because he has not done so, the Court is not required to determine whether he was diligently pursuing his rights. *See Raspberry*, 448 F.3d at 1153. Accordingly, Arredondo's § 2255 Motion is subject to summary dismissal.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only

**Memorandum Decision and Order - 6**

when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the movant. Rule 11(a), 28 U.S.C. foll. § 2255. After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that the § 2255 Motion is untimely to be debatable or wrong. Accordingly, a certificate of

---

[3] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Memorandum Decision and Order - 7**

appealability will not issue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Arredondo's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that no certificate of appealability shall issue.  Arredondo is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

IT IS FURTHER HEREBY ORDERED that if Arredondo files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **June 9, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

Memorandum Decision and Order - 8